# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, et al., | CASE NO. CV F 11-2026 LJO DLB |
| Plaintiff, | **ORDER TO REMAND UNLAWFUL DETAINER ACTION** (Doc. 1.) |
| vs. | |
| FELIPE DOMINGUEZ, et al. | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

Defendant Felipe Dominguez ("Mr. Dominguez") filed papers to attempt to remove an unlawful detainer action brought against him by plaintiff the Bank of New York Mellon ("Bank of NY") in Kern County Superior Court. This Court lacks subject matter jurisdiction over the unlawful detainer action to warrant remand to the Kern County Superior Court.

## DISCUSSION

28 U.S.C. § 1441(a) empowers a defendant to remove an action to federal court if the district court has original jurisdiction. *Catepillar, Inc. v. Williams*, 482 U.S. 286, 392 (1987). The removal statute provides:

> Except otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the

1  United States for the district and division embracing the place where such action is
2  pending.

3  28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions arising under the
4  Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5  A removing party must file a notice of removal of a civil action within 30 days of receipt of a
6  copy of the initial pleading. 28 U.S.C. § 1446(b). Removal statutes are strictly construed with doubts
7  resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir.
8  1992). The removing party bears the burden to prove propriety of removal. *Abrego v. Dow Chem. Co.*,
9  443 F.3d 676, 683-685 (9th Cir. 2006); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also*
10 *Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) ("the burden of establishing
11 federal jurisdiction falls to the party invoking the statute"). A district court may remand an action to
12 state court for lack of subject matter jurisdiction or a defect in the removal procedure. 28 U.S.C. §
13 1447(c).

### Federal Question Jurisdiction

15 Mr. Dominguez' papers fails to establish a federal question to invoke this Court's subject matter
16 jurisdiction.

17 Determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,'
18 which provides that federal jurisdiction exists only when a federal question is presented on the face of
19 plaintiff's properly pleaded complaint." *Catepillar*, 482 U.S. at 392. To invoke federal question
20 jurisdiction, a complaint must establish "either that (1) federal law creates the cause of action or that (2)
21 plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."
22 *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage & Easement*, 524 F.3d 1090, 1100
23 (9th Cir. 2008).

24 Bank of NY's state court complaint seeks unlawful detainer relief, which arises under state law.
25 *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. 2011) ("Unlawful detainer
26 actions are strictly the province of state court"); *Deutsche Bank Nat'l Trust Co. v. Leonardo*, 2011 U.S.
27 Dist. LEXIS 83854, at * 2 (C.D. Cal. 2011) ("the complaint only asserts a claim for unlawful detainer,
28 a cause of action that is purely a matter of state law"). An unlawful detainer plaintiff is entitled to

judgement after establishing that the property at issue sold in compliance with California Civil Code section 2924 and that the requisite three-day notice to quit was served on defendant as required by California Code of Civil Procedure section 1161. *See Litton Loan Servicing, L.P. v. Villegas*, U.S. Dist. LEXIS 8018, at *5 (N.D. Cal. 2011) (citing *Evans v. Superior Court*, 67 Cal.App.3d 162, 168 (1977).

Mr. Dominguez' papers fail to challenge the state-law roots of Bank of NY's unlawful detainer action. Mr. Dominguez fails to invoke federal question jurisdiction despite his papers reference to various federal statutes.

### Diversity Jurisdiction

To invoke diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). In an unlawful detainer action, "the right to possession alone [is] involved – not title to the property." *Litton*, 2011 U.S. Dist. LEXIS 8081, at *6-7. A defendant "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996).

Bank of NY's unlawful detainer complaint seeks nowhere near $75,000. The amount in controversy fails to establish diversity jurisdiction.

### CONCLUSION AND ORDER

For the reasons discussed above, Mr. Dominguez' papers fail to invoke this Court's subject matter jurisdiction. As such, this Court:

1. REMANDS this action to the Kern County Superior Court; and
2. DIRECTS the clerk to take necessary action to remand this action to the Kern County Superior Court and to close this action.


IT IS SO ORDERED.

Dated:   December 13, 2011           /s/ Lawrence J. O'Neill
                                     UNITED STATES DISTRICT JUDGE

3